*BELMONT COUNTY—NOVEMBER TERM, 1818.*

---

PRESENT—TAPPAN, *President;* WILEY, ANDERSON AND BRYSON, *Associates.*

---

## GILL vs. TROUT.

A way of necessity, is a way of grant; because, by operation of law, it passes as incident
to the grant; for when the use of a thing is granted, everything is granted by which
the grantee may have and enjoy such use.

Such right of way must be necessary, not merely convenient. If the plaintiff, by his
own evidence, proves that he has no right to the principal, he has no right to the
incident.

ACTION ON THE CASE FOR OBSTRUCTING A PRIVATE WAY—PLEA, NOT
GUILTY.

The testimony on the part of the plaintiff, was, that he had lived
on and cultivated part of a section of land, which was the property of
one Foulks ; he had taken possession and held it without any license
or permission from Foulks, for about seven years; a cart way from the
fields he cultivated to the highway, had formerly been cut out and
used for some years; that, two or three years ago, the road in question .
was opened from the same field to another highway ; since which the
use of the former road was discontinued and the latter alone used.
The defendant fell two or three trees across the road, which was the
obstruction complained of.

WRIGHT for the defendant, moved the court to direct a non-suit;

BELMONT.
November 1818

Gill
v.
Trout.

upon which it was agreed, by the counsel, that a verdict should be taken for the plaintiff, subject to the opinion of the court, on the question whether the plaintiff can recover on the evidence given, and now at this term.

HAMMOND for the plaintiff argued " that this is a special action on the case for disturbing the plff. in the enjoyment of a private way. The declaration sets out that the plff. was in possession of a certain farm, from which he had and ought to have a certain cart way for purposes specified, and that he had long used and enjoyed this way, and was disturbed therein by the defendant felling trees and brush over the same, purposely to prevent him in the use of it.—Plea not guilty. It appeared in evidence, that the plaintiff had no title to the farm he occupied, but had been in possession of it for more than seven years ; that the way in question, was made in part by the plff. and afterwards opened and improved by others, but that the plaintiff had used it for seven years and upwards. The defendant had no claim to the lands over which the way passed, and where the trees were felled ; but cut them down purposely to disturb, or embargo the plff. A doubt was suggested at the trial, whether, upon this case, the action could be sustained ; and the point was reserved for consideration. The jury found a verdict for the plff. one dollar ninety-nine cents damages. We insist that this action would lie, upon the case, made at the common law ; and that it lies in this state under the provision of the constitution giving redress for injuries to lands, goods, person or reputation. At the common law, a right of way is an easement, or servitude attached to, or appurtenant to lands. It originates in prescription, by grant, or from necessity.—3 Comyn's Digest, title Chemin, D. pages 56, 7, 8. To support an action on the case for disturbing the right of way or other easement, against a mere stranger, it is not necessary for the plaintiff to shew anything more than possession. He need not shew a title by grant or by prescription.—1 Com. Di. *action upon the case for disturbance*—page 284—1 Burrows 443, 1 Ld. Ray. 266, 2d Ld. Ray. 751. This last case is stronger than that under consideration, for the declaration alleged that the plaintiff had a way over the close of the defendant, who therefore was not a stranger and consequently a wrong-doer. But Judge Holt, though he admitted this to be cause of demurrer, would not nonsuit the plff. because it was enough for the plff. to prove his declaration. The plff. ought to recover upon principle. He was in possession of the farm, and originally made the way, which, by a continued use, he was also in possession of—a

wanton obstruction of this use was an injury. He could
maintain trespass even against the rightful owner, for disturbing, by violence, the possession of the farm. The way was equally in his possession, for the necessary use; and obstruction of it was as essential an injury as an invasion direct of his possession of the farm. This obstruction, wantonly made by a stranger, though not a trespass, is an injury to the plff. inasmuch as it prevents him from the use of his farm in the most convenient manner. The case is, therefore, with the plff. both upon authority and principle; and he ought to have judgment for his damages. WRIGHT contra—"A man may have a way by prescription, grant, reservation, implication, or necessity. The case under consideration has no feature of either of the four first; it must be made out a way of necessity or fail altogether. To establish a way of necessity, *the necessity must exist;* there must be no other way of communicating with the highway, or of enjoying the premises. How is it in this case the plff's possession abuts on the highway in one direction, and nearer to it than by the way claimed: but the soil does not present so convenient a surface for a road. The convenience of the plff. in his transportation would be increased, therefore he makes a road through the possessions of the deft. and encloses his own, which was nearer, and formerly used as a field. This surely is a novel foundation for a right of way. Neither of these parties have title or shadow of chaim to the land they occupy, or that on which the road in dispute ran; both are wrongfully in possession. An actual possession gives a right of redress for obstructions while it continues. A constructive possession of one tract cannot follow the actual wrongful possession of another without legal right. That is this case; both Gill and Trout are in possession without shadow of title. When actually possessed of the road, either might perhaps maintain trespass; but the fact of passing along a track with waggons, &c. once, or an hundred times, does not make such possession. Gill, while on the tract, perhaps might have a right against Trout; but when Gill had passed off, and Trout had gone on, Trout's right was present, Gill's had passed away from him; Trout could enclose the road into a field, and hold against all the world except the holder of the legal estate. Suppose, instead of the way in question, Gill had left his enclosures with his family, intending to return, and Trout had taken possession, kept Gill out by felling trees all round the place, could he recover the possession at law or maintain trespass for felling the trees after he

BELMONT.
November 1818
Gill
v.
Trout.

took possession, to obstruct Gill in his re-entrance? It will not be pretended. The possession of the land where the trees were felled by Trout, was never in Gill. Gill did not make the road; but, after it was made, he abandoned his old way, fenced it up, then turned in and improved this way which before had been opened, and thence on, occupied it without molestation: and now, because he was not molested sooner in his enjoyment, he claims it as a right, and to have damage because a tree is felled on it by one who opened it. Is there such a claim in a seven years' continuance in wrong, that it changes its nature to right? I can see nothing in law or reason to support the plff's action, and think the deft. entitled to a nonsuit."

PRESIDENT.—If possession is sufficient prima facie evidence of the plaintiff's right to maintain this action, it is because possession is presumptive evidence of property, but it is not conclusive evidence; and where a plaintiff goes further, and proves that his possession is wrongful, he effectually does away every presumption of property; he brings then in question his right to maintain the action, and can no longer rest on his ostensible title; such is the case here: so that, in deciding whether the evidence given by the plaintiff is sufficient to sustain his action, we must decide whether a man having possession of land, without any right to such possession, can claim a right of way over the other lands of the owner of the soil he possesses, as incident to such possession; for the land in possession of the plaintiff, and the whole of the way he claims from it, are on the section owned by Foulks. It struck me, on the trial, that this claim could not be sustained; and I am now satisfied that such impression was correct. There are two objections to the plaintiff's right of recovery, either of which is fatal to his claim: 1st. this way is not *necessary* for him: the road which was formerly used from his field, to the highway, may now be and sometimes is used; it is not so convenient as the way in question, but convenience is not necessity; and it is a good answer to the claim here set up, that the plaintiff has another way, 2d Mass. Rep. 203, 1st. Com. Dig. 285—2d, the plaintiff has no right to which this way can be incident. A way of necessity may be claimed, where a man grants to another land which is encompassed by the grantor's other land; the grantee has a right of way as incident to the land granted; for where the use of a thing is granted, every thing is granted by which the grantee may enjoy such use; a way of necessity, is then a way by grant, it can have no other origin—1 Saund, 323, n. 6, 2d

Com. Dig. 57, 58. It is not necessary to decide the ques- BELMONT.
tion, whether possession alone would be sufficient to support November 1818
this action; for, in this case, it does not stand alone, but is Peairs
explained to be without right: but if the foundation of $\begin{array}{c}\text{Peairs}\\v.\\\text{Harrah.}\end{array}$
the claim be a grant, as I think evident, then there is the same
necessity of setting out the title as though the grant were express of
the way claimed. *Judgment of nonsuit.*